UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODERICK MAXIE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-1602 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of Roderick Maxie to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion.

**I. Background**

An indictment charged Maxie with possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count I); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924 (c); and with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The charges stemmed from events that occurred in St. Louis, Missouri on April 27, 2007. A jury found Maxie guilty on all counts. He was sentenced to an aggregate term of imprisonment of 120 month. The judgment was affirmed on appeal. United States v. Maxie, 294 Fed. Appx. 247 (8th Cir. 2008).

II. **Discussion**

In his motion, Maxie asserts that he was denied effective assistance of counsel at trial and on appeal.[1] The relevant facts will be set forth in the discussion of each claim.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the performance prong of the inquiry, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to show prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

A. **Ineffective Assistance of Counsel at Trial**

1. **Evidence of drug addiction**

Maxie asserts that his attorney's failure to present evidence of Maxie's drug addiction constituted deficient performance. He argues that such evidence would have "clearly shown the jury . . . that petitioner was a drug addict and not a drug dealer." *Motion*, p. 19 [Doc. #1]. The testimony at trial established that when Maxie was apprehended by the police, he had seven individually-wrapped pieces of cocaine base

---

[1] Maxie was represented by the same attorney at trial and on appeal.

weighing a total of 1.18 grams in his mouth. Maxie testified that he had purchased the cocaine base for his "addiction." *Transcript*, pp. 307, 321 [Doc. #77].[2] He also testified that he intended to share it with someone else. *Id.*, pp. 319, 320-21, 349. Maxie further testified that he was "familiar with drug dealers and how they work." *Id.*, pp. 317-18.

The record clearly shows that evidence of Maxie's drug addiction was presented to the jury. Further, Maxie cannot show that, but for counsel's failure to present documents or expert testimony on the issue of his addiction, the outcome of the trial would have been different. Maxie admitted that he intended to distribute some of the cocaine base in his possession and he testified at some length about his knowledge of drug dealers' methods of operation. Drug addiction and drug distribution are not mutually exclusive, as Maxie's own testimony confirmed. Maxie has not shown that his attorney's performance was deficient or that he was prejudiced.

### 2. DNA and fingerprint evidence

The police officers who arrested Maxie testified that they saw him place a handgun inside a parked vehicle and walk away. When the officers approached, Maxie ran but was caught a short distance away. When the officers returned to the vehicle, the found the handgun and 5.93 grams of cocaine base. No DNA or fingerprint evidence was presented at trial with respect to the vehicle or the items found in it.[3] During deliberations, the jurors sent a note in which they mentioned the absence of DNA and fingerprint evidence collected from the vehicle and the gun and asked

---

[2]The transcript of the trial is filed in <u>United States v. Roderick Maxie</u>, No. 4:07-CR-471 (CEJ) under document numbers 76 and 77.

[3]The government presented DNA evidence with respect to the 1.18 grams of cocaine base found in Maxie's mouth.

whether they could give consideration to the lack of such evidence. In response, the Court told the jurors they were to be guided by the evidence and the instructions.

Maxie contends that defense counsel should have presented DNA and fingerprint evidence, as this evidence would have shown that he did not possess the cocaine base or the firearm found in the vehicle. Maxie makes no showing that DNA or fingerprint evidence could have been obtained from the vehicle, the gun or the cocaine base. Thus, he has not shown that such evidence was even available to defense counsel. Even if it were available, Maxie has not shown that he was prejudiced. As their note makes clear, the jurors knew that Maxie's DNA and fingerprints had not been submitted in evidence. Nevertheless, the jury found him guilty on all counts. Maxie has not shown that, but for counsel's performance, the outcome of the trial would have been different.

### 3. Expert witnesses

The government presented the testimony of criminalist Carrie Kwiatkowski, who analyzed the substances found in Maxie's mouth and in the parked vehicle and determined them to be cocaine base having a total weight of 7.11 grams. *Transcript*, pp. 125-35 [Doc. # 76]. Additionally, the government presented the testimony of Edward Clay, a Drug Enforcement Administration task force officer, who testified that the cocaine base Maxie possessed was intended for distribution, not personal use. *Id*., pp. 199-219. Both witnesses were cross-examined by defense counsel.

Maxie asserts that defense counsel should have objected to the expert witnesses' testimony, but he fails to identify any basis for an objection. Both witnesses were qualified to give expert testimony, based on their education, training and

experiences. Further, there was nothing unscientific or otherwise unacceptable about their methodology. Maxie is not entitled to relief on this claim.

### 4. Photographs

Maxie's next claim is that his attorney should have hired a professional photographer to take pictures of the area in which the crimes took place. He contends that the photographs would have contradicted the police officers' testimony that they saw him place a gun inside the vehicle. Contrary to Maxie's allegations, there were photographs submitted by the government and by the defense that defense counsel used in challenging the police officers' testimony. Maxie's contention that a professional photographer would have taken better or more persuasive pictures is mere speculation. In his cross-examination, defense counsel tried to establish that the officers could not have seen what they claimed from their vantage point. The jury had the opportunity to examine the photographs and to evaluate them in light of the officers' testimony. Maxie has not shown that the outcome of the trial was affected by the lack of professional photographs.

### 5. Visit to scene

During deliberations, the jury asked to be taken to the crime scene. Defense counsel stated that he would like the jury to be taken to the scene, but he questioned whether it was proper to do so. The Court denied the jury's request---without objection from defense counsel---and that ruling was upheld on appeal. United States v. Maxie, 294 Fed. Appx. at 249. The record belies Maxie's allegation that his attorney "spoke out against" allowing the jury to view the crime scene. *Motion*, p. 26 [Doc. #1]. Further, it is evident from the record that any objection from defense counsel would have been futile. Thus, Maxie cannot establish prejudice.

### B. Ineffective Assistance of Counsel on Appeal

#### 1. Witness credibility

Maxie claims that his attorney's failure to challenge the credibility of the arresting officers on direct appeal constituted ineffective assistance. The issue of credibility was at the forefront of the trial, because the testimony of the police officers and that of Maxie differed materially with respect to the events that culminated in Maxie's arrest. The jurors were given instructions to guide them in evaluating the credibility of the witnesses, as it was within their province to so. See United States v. Strait, 388 Fed. Appx. 569, 470 (8th Cir. 2010) (it was the jury's duty to assess the witnesses' credibility and to resolve any inconsistencies in their testimony). "A jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." United States v. Hodge, 594 F. 3d 614, 618 (8th Cir. 2010). Maxie cannot show that a challenge to the credibility of the witnesses would have had any likelihood of succeeding on appeal. He cannot establish prejudice and is not entitled to relief on this claim.

#### 2. Challenge to firearms charge

Maxie next criticizes defense counsel's failure to assert on appeal that the indictment should have charged a violation of 18 U.S.C. § 922(g)(3) instead of a violation of 18 U.S.C. § 924(c).[4] He contends that defense counsel could have made

---

[4]Section 922(g)(3) prohibits possession of a firearm by a person "who is an unlawful user of or addicted to" a controlled substance.
Section 924(c) makes it unlawful for a person to possess a firearm "during and in relation to any" drug trafficking crime.

this assertion had he presented evidence of Maxie's history of drug abuse.  If the gist of Maxie's claim is that his attorney should have challenged the sufficiency of the indictment, then that claim fails.  Maxie has not shown and cannot show any deficiency in the indictment that defense counsel could have argued to the appellate court.

If Maxie's claim is that defense counsel should have challenged the sufficiency of the evidence, that, too, must fail.  A challenge to the sufficiency of the evidence is reviewed *de novo* by the appellate court, "viewing the evidence in the light most favorable to the verdict and giving it the benefit of all reasonable inference."  United States v. Pruneda, 518 F.3d 597, 605 (8th Cir. 2008).  Given this standard of review, Maxie cannot show a likelihood that the outcome of the appellate proceedings would have been different.  The government's evidence established that Maxie had possession of a firearm in furtherance of his possession of cocaine base with intent to distribute.  Maxie cannot show that he was prejudiced.

### 3. Lesser-included offense instruction

Maxie's final claim is that his attorney should have sought review of the Court's failure to instruct the jury on simple possession as a lesser-included offense of the charge in Count I.  As discussed above, Maxie testified that he intended to share the 1.18 grams of cocaine base he possessed with another person.  Also, the testimony of the government's witnesses established that Maxie had possession of the 5.93 grams of cocaine base with intent to distribute.  Thus, there was no factual basis to support a lesser-included instruction of simple possession.  Maxie's counsel cannot be faulted for not raising a frivolous issue on appeal.  Maxie is not entitled to relief on this claim.

### III. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Maxie is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in his motion.  Therefore, the motion will be denied without a hearing.  See Engelen v. United States, 68 F.3d  238, 240 (8th Cir. 1995).  Additionally, the Court finds that Maxie has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2012.